| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>FOR ONLINE PUBLICATION</u> |

| | |
|---|---|
| GAMALIEL OLIVER,<br><br>                                    Plaintiff,<br><br>             - versus -<br><br>THE UNITED STATES et al.,<br><br>                                    Defendants. | <u>MEMORANDUM</u><br><u>AND ORDER</u><br>13-cv-5497 |

A P P E A R A N C E S:

    VICTOR M. BROWN
        11 Park Place
        Suite 600
        New York, NY 10007
    By:    Victor M. Brown
        *Attorney for Plaintiff*

    LORETTA E. LYNCH
    United States Attorney
        271 Cadman Plaza East
        7th Floor
        Brooklyn, NY 11201
    By:    Orelia E. Merchant
        *Attorney for Defendants*

JOHN GLEESON, United States District Judge:

        Gamaliel Oliver alleges that his civil rights were violated by United States Border Patrol agents during events that transpired in October 2011 in Vermont. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b), or, in the alternative, for the case to be transferred to the District of Vermont pursuant to 28 U.S.C. § 1404(a). Plaintiff has consented to defendants' motion to transfer the case to the District of Vermont. *See* ECF No. 28.

The events that gave rise to this case occurred in Vermont and the individual defendants and witnesses to the events are all residents of Vermont.  Defendants argue convincingly that this Court may lack personal jurisdiction over the individual defendants; however, I need not address this issue because even if the Court lacks personal jurisdiction over the defendants, transfer is still proper pursuant to § 1404(a) if it is in the interest of justice.  *See Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80 (2d Cir. 1978) ("[A] court has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in (the) district, if a transfer would be in the interest of justice.") (internal quotation omitted); *Torres-Monroe v. Eternal Lobby Lounge, Inc.*, No. 12-cv-4243, 2013 WL 1946207, at *2 (E.D.N.Y. May 10, 2013) (same), *aff'd*, No. 12-cv-4243, 2013 WL 3208571 (E.D.N.Y. June 24, 2013).

Accordingly, and in light of plaintiff's consent to defendants' motion to transfer, I conclude that the District of Vermont is the appropriate forum for this case and, in the interest of justice, hereby transfer the case to that district.  The transfer is without prejudice to any arguments defendants may wish to raise in the transferee Court regarding the adequacy of service on the individual defendants or any other arguments regarding service of process.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 12, 2014
       Brooklyn, New York